UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE ANDERSON,

    **Plaintiff,**

v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:23-cv-03133
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Motion for Attorney Fees under 42 U.S.C. § 406(b) in the net amount of $10,240.00 (ECF No. 18).[1] The Commissioner neither supports nor opposes the motion but asks that the Court evaluate the reasonableness of the fee by reference to the full back due benefits owed to Plaintiff. Response to Motion (ECF No. 19). For the reasons that follow, Plaintiff's amended motion (ECF No. 18) is granted. Plaintiff's original motion (ECF No. 17) is denied as moot.

### I.  STANDARD

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. §

---

[1] Plaintiff's original Motion for Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 17) apparently reflects an incorrect fee amount. That motion will be denied as moot.

1

406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II. PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits, alleging disability since August 2017, was originally filed in March 2020. (R. 48) In December 2021, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled. (R. 48-56) An appeal from that decision was filed in this Court, and Plaintiff's counsel filed a brief. (ECF No. 8) On October 23, 2023, this Court adopted the parties' proposal and reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. (Consent Order, ECF No. 13) Final Judgment was entered that same day. (Final Judgment, ECF No. 14) The Court thereafter accepted the parties' stipulation and awarded Plaintiff an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $ 8,800.00. (ECF No. 16) On remand from this Court, the Commissioner granted Plaintiff a fully favorable decision. (Notice of Award, Exh. A to ECF No. 18) Twenty-five percent of Plaintiff's SSDI past-due benefits, $19,440.00, has been withheld for payment to his representative before this Court. (*Id*. at PageID# 2071)[2]

---

[2] The Notice of Award (Exh. A to ECF No. 18) provides that $19,440.00 was withheld for payment to Plaintiff's counsel. (*Id*. at PageID# 2071) Plaintiff's amended motion seeks a total fee of $ 19,040.00. (ECF No. 18, PageID# 2059, 2063, 2065)

### III. DISCUSSION

The fee agreement executed by Plaintiff and his counsel authorizes a fee of 25% of all past due benefits for work performed before this Court. (Exh. B to ECF No. 18) Plaintiff's counsel itemizes a total of 73.3 hours of attorney time expended on Plaintiff's behalf before this Court. (Exh. C to ECF No. 18)

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is highly skilled, with substantial prior experience before this Court in this area of the law. Moreover, the favorable result that Plaintiff ultimately realized is a testament to his counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed his application for benefits in 2020 and the awarding of benefits—delay that burdened his counsel as well as Plaintiff—and there is no indication that this delay was caused by Plaintiff's counsel. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

An award under § 406(b) must be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a total fee award of $ 19,040.00 (and a net fee of $ 10,240.00), which results in an imputed effective hourly rate of $ 259.80 per hour—a rate that falls well within the range of reasonableness.

This Court concludes that the award sought in this case is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

Plaintiff's motion asks that the Court award a net fee of $ 10,240.00, that amount representing the total of $ 19,040.00 reduced by the earlier award under the EAJA in the amount of $ 8,800.00. The Commissioner does not object to that request.

## IV.     CONCLUSION

Plaintiff's Amended Motion for Attorney Fees (ECF No. 18) is **GRANTED**.

**IT IS ORDERED** that a net attorney's fee in the amount of $ 10,240.00, which is not more than 25% of the past due benefits awarded to Plaintiff and reduced by the earlier award under the EAJA, be remitted to **Konoski & Partners, PC**, 305 Broadway, 7th Floor, New York, NY 10007.

Plaintiff's original motion (ECF No. 17) is **DENIED AS MOOT**.


November 6, 2025                                              *s/ Norah McCann King*
                                                              Norah McCann King
                                                              United States Magistrate Judge